**SEALED**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISON**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **SEALED** |
| | § | |
| **v.** | § | **CAUSE NO. EP: 20-CR-00389-DCG** |
| | § | |
| **PATRICK WOOD CRUSIUS,** | § | |
|    **Defendant.** | § | |

## MOTION TO DISQUALIFY ATTORNEY

**COMES NOW** Patrick Wood Crusius by and through undersigned counsel and files this, his Motion to Disqualify Attorney Jaime Esparza. Defendant shows the Court the following:

The Government has indicted Mr. Crusius on 90 counts related to a shooting at a Walmart store in El Paso, Texas, including 23 counts of hate crimes resulting in death, in violation of 18 U.S.C. § 249(a)(2); 23 counts of use of a firearm to commit murder during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c), (j)(1); 22 counts of a hate crime involving intent to kill, in violation of 18 U.S.C. § 249(a)(2); and 23 counts of use of a firearm to commit a crime of violence, in violation of 18 U.S.C. § 924(c). The indictment includes a notice of special findings pursuant to 18 U.S.C. §§ 3591 and 3592, which will allow the Government to seek the death penalty if it so chooses.

On October 14, 2022, President Biden announced his intent to nominate Jaime E. Esparza as the United States Attorney for the Western District of Texas. President Biden's press release states that Esparza was chosen for his "devotion to enforcing the law, [his] professionalism, [his] experience and credentials . . . ." PRESIDENT BIDEN MAKES TWENTY-SEVENTH JUDICIAL NOMINATIONS ANNOUNCEMENT AND ANNOUNCES NEW NOMINEES TO SERVE AS U.S. ATTORNEYS AND U.S. MARSHALS, Oct. 14, 2022, available at https://www.whitehouse.gov/briefing-room/statements-releases/2022/10/14/president-biden-makes-twenty-seventh-judicial-nominations-announcement-

and-announces-new-nominees-to-serve-as-u-s-attorneys-and-u-s-marshals/. President Biden explains that "Jaime E. Esparza served as the District Attorney for the 34th Judicial District of Texas from 1993 to 2020." *Id*.

During Esparza's tenure as the District Attorney, he prosecuted Defendant in the state case titled *State of Texas v. Patrick Wood Crusius*, 20190D04878. As a part of that prosecution, Esparza took an active role in the investigation, charging, and litigation of that case. He appeared at in-person hearings, representing the State of Texas. *See* EL PASO SHOOTER PATRICK CRUSIUS APPEARS IN COURT, Oct. 10, 2019, available at https://www.elpasotimes.com/videos/news/ 2019/10/10/el-paso-shooter-patrick-crusius-appears-court-arraignment-watch-video/3934976002/.

As it relates to the incident itself and based on information and belief, Esparza's sister was present inside the Walmart on August 3, 2019 when shots were fired. It is reported that, during this time, she laid on the ground and pretended to be dead, and in this way she herself avoided being wounded or killed. And she used her cell phone to call Esparza either during or immediately after the shooting. The following day, August 4, 2019, Esparza called a press conference and announced his intent to charge Patrick Crusius with capital murder and seek the death penalty.[1] Considering the unique circumstances presented, there are at least three reasons why Esparza should be disqualified from participating at any level in the Federal prosecution of Patrick Crusius.

First, Esparza's sister is both a witness and a victim, and it will be impossible for him to participate in this case with the objectivity that is required of any Federal prosecutor, much less the United States Attorney. "The United States Attorney is the representative not of an ordinary

---

[1] Evidence of this derives from the press conferences immediately following the incident itself. *See* Update-Press Conference on El Paso Mass Shooting, Aug. 4, 2019, available at https://www.elpasotimes.com/videos/news/2019/08/04/update-press-conference-el-paso-mass-shooting/1917124001/.

party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935). Prosecutors exercise considerable discretion, including the determination of who they should investigate, what investigation methods should be used, what sentencing options should be considered, and whether plea bargains should be entered. "These decisions, critical to the conduct of a prosecution, are all made outside the supervision of the court." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 807 (1987). And justice "must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954). An "interested prosecutor creates an appearance of impropriety that diminishes faith in the fairness of the criminal justice system in general." *Young v. U.S. ex rel Vuitton* at 811. Allowing Esparza to participate in any way in the prosecution of Patrick Crusius would neither be just, nor would it appear just.

Second, when Esparza determined the next day that the death sentence was appropriate, he did so, not only quickly, but also by himself, and without any governing standards to guide his discretion. He was the ultimate authority, the sole individual responsible for choosing to seek the death penalty against Crusius. In Texas, there was nothing either illegal, or even untoward, about the way this decision was made. This was the same methodology most Texas prosecutors used before *Furman v. Georgia* declared the death penalty unconstitutional as applied in 1972, and it is the same way most Texas prosecutors have made this decision since then. But it is certainly not the procedure that is required in the Federal system.

Instead of a single decider, multiple people have input into the decision to seek or not seek the death penalty in Federal court. Although the ultimate decision is made by the Attorney General,

input is also obtained from the United States Attorney or Assistant Attorney General, the Capital Review Committee, the Deputy Attorney General, and, significantly, defense counsel. JM 9-10-130.

Instead of a decision made hours after a tragedy, the decision to seek or not seek the death penalty in Federal court, because of the procedural safeguards required, will almost always take months, or, as the present case proves, even years.

And in stark contrast to the unguided discretion available to Esparza, the process in Federal court is carefully designed to ensure that the decision to seek or not seek death is "set within a framework of consistent and even-handed national application of Federal capital sentencing laws. . . . The overriding goal of the review process is to allow proper individualized consideration of the appropriate factors relevant to each case." JM 9-10-030. The standards for determination "include fairness, national consistency, adherence to statutory requirements, and law-enforcement objectives", and each of those terms and phrases are further carefully defined. *Id*. As a State prosecutor, Esparza had no obligation to consider any of these standards, or Federal capital sentencing laws at all, much less the even-application of those laws. Indeed, the procedures that govern in Texas differ radically from those in Federal prosecutions. *Compare* TEX. CODE CRIM. PROC. art. 37.071 *with* 18 U.S.C. §§ 3592 & 3593.

So, once again, the question is not only justice, but the appearance of justice. Having made up his mind and publicly declared more than three years ago that Crusius should face the death penalty, there is no realistic possibility that Esparza could reverse course and decide otherwise, despite the crucial differences that now, as a matter of law and policy, must necessarily inform his decision.

Third, while on state case, Esparza represented to the State Court that, in reference to the state and federal cases, "the cases are not the same are wholly separate and independent, and require proof

of entirely different sets of elements." *State of Texas v. Patrick Wood Crusius*, 20190D04878, "States Response to Defendant's Motion for Authorization to Disclose Discovery Materials to Defense Counsel Appointed in Federal Court", June 5, 2020, at 2.  Esparza further argued,

> And further in that regard, while there is some degree of information-sharing between the State and federal prosecutors, the State prosecutors have no control over, or input into, the federal prosecution and are in no way jointly prosecuting the defendant with the federal prosecutors in the federal-court case. Likewise, the federal prosecutors have no control over, input into, the Texas state prosecution and are in no way jointly prosecuting the defendant with the State prosecutors in this Texas state-court case. That is, each sovereign is independently prosecuting the defendant in their respective court.

*Id*. at 3.  In other words, in Esparza's arguments, the filings, litigation, strategies, and such of each case are wholly independent of one another.

A vital difference concerns the sealed motions and orders filed into each case.  Because of the nature of the sealed pleadings and orders filed in the state case, the federal prosecutors are unable to access them and, consequently, have no notice or information of their contents.  During Esparza's tenure over the state prosecution, the State Court received and entered 23 sealed entries into its docket.[2]  Because Esparza was privy to these sealed entries, he brings unfair knowledge to the federal prosecution, which knowledge solely derives from the sealed entries.  Because the State Court explicitly designated these 23 entries as "Sealed," it aimed to keep the knowledge of these entries

---

[2] Order Sealing Record, August 8, 2019; Order Sealing Record, September 12, 2019; Order Sealing Record, January 16, 2020; Order Sealing Record, April 8, 2020; Order Sealing Record, April 8, 2020; Order Sealing Record, April 8, 2020; Order Sealing Record, April 8, 2020; Order Sealing Record, May 26, 2020; Order Sealing Record, June 16, 2020; Order Sealing Record, June 16, 2020; Order Sealing Record, June 26, 2020; Order Sealing Record, June 26, 2020; Order Sealing Record, July 21, 2020; Order Sealing Record, August 20, 2020; Order Sealing Record, September 17, 2020; Order Sealing Record, September 25, 2020; Order Sealing Record, October 6, 2020; Order Sealing Record, November 24, 2020; Order Sealing Record, November 24, 2020; Order Sealing Record, December 11, 2020; Order Sealing Record, December 16, 2020; Order Sealing Record, December 23, 2020.

restricted to the parties involved in the state case, and no one else.  The only way to maintain that consciously-imposed limitation is to disqualify Esparza from the federal prosecution.

However, by curtailing Esparza from taking part in the federal prosecution, the Court does not also disqualify the entire Western District of Texas federal prosecution team.  Only Esparza has state information that would be illicit in the federal prosecution.  Therefore, the federal prosecution team currently on the federal case can successfully firewall Esparza from the federal prosecution, thereby maintaining the separation between the "wholly separate and independent" prosecutions.  This would not run afoul of the orders of the state court judge.

Finally, the timing of this motion is of the essence because Esparza has been nominated but noy yet confirmed.  Therefore, he has not started working on this federal action and, as a direct result, the granting of this motion prior to his confirmation would ensure that he would be entirely firewalled from the pending litigation.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Court Grant this Motion.  Defendant also prays for all other relief to which he may be entitled in both equity and law.

Respectfully submitted,

/s/ Joe A. Spencer
JOE A. SPENCER
1009 Montana
El Paso, Texas 79902
(915) 532-5562
joe@joespencerlaw.com
State Bar of Texas No. 18921800

REBECCA L. HUDSMITH
LA Bar No. 7052
Office of the Federal Public
Defender for the Middle and
Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Facsimile: (337) 262-6605
Rebecca_hudsmith@fd.org

MARK STEVENS
310 S. St. Mary's Street
Tower Life Building, Suite 1920
San Antonio, TX 78205
(210) 226-1433
State Bar No. 1918420
mark@markstevenslaw.com

FELIX VALENZUELA
P.O. Box 26186
El Paso, Texas 79926
(915) 209-2719
State Bar No. 24076745
felix@valenzuela-law.com

***Attorneys for Patrick Crusius***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the same date as the filing of the foregoing motion, I caused the Motion to be filed with the CM/ECF file manager.  On the same day, I also served notice of the foregoing upon the following:

AUSA Ian Hanna at ian.hanna@usdoj.gov

AUSA Greg McDonald at gregory.mcdonald@usdoj.gov

<u>/s/ Felix Valenzuela</u>

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISON**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP: 20-CR-00389-DCG** |
| | § | |
| **PATRICK WOOD CRUSIUS,** | § | |
|    **Defendant.** | § | |

## <u>ORDER DISQUALIFYING ATTORNEY</u>

On this day, the Court considered Defendant's Motion to Disqualify Attorney. After due consideration of the Motion and any attendant arguments, the Court is of the opinion that the Motion should be granted.

Accordingly, IT IS ORDERED that Defendant's Motion to Disqualify Attorney is GRANTED.

IT IS FURTHER ORDERED that Attorney Jaime Esparza is disqualified as counsel for the United States of America.

SO ORDERED.

**SIGNED AND ENTERED** this, the _____ day of November, 2022.

_____
                **JUDGE PRESIDING**