UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| *Plaintiff,* § | |
| § | EP-20-CR-00389-DCG |
| v. § | |
| § | |
| PATRICK WOOD CRUSIUS, § | |
| § | |
| *Defendant.* § | |

**OBJECTION TO THE PUBLIC DISCLOSURE OF ATTORNEY AND EXPERT SERVICE PROVIDER PAYMENTS AND RELATED DOCUMENTATION**

NOW INTO COURT, through undersigned counsel, comes PATRICK WOOD CRUSIUS, who objects, pursuant to the Fifth, Sixth and Eighth Amendments to the U.S. Constitution and 18 U.S.C. §§ 3005 and 3599(a), and in the interests of justice, to the public disclosure of appointed private attorney and expert service provider payments made in this case, as well as attorney and expert service provider payment vouchers and all related documentation in support.

**Relevant Procedural History**

On February 6, 2020, the federal Government filed a 90-count indictment against Mr. Crusius charging him with death penalty-eligible crimes as the result of the mass shooting on August 3, 2019, at a Walmart located in El Paso, Texas. Doc. 1. On July 9, 2020, a 90-count superseding indictment issued against the defendant again charging him with death penalty-eligible federal crimes. Doc. 82. On January 17, 2023, the Government filed a notice that it would not seek the death penalty in this case. Doc. 254. On February 8, 2023, Mr. Crusius was rearraigned pursuant to a plea agreement whereby he pled guilty to all 90 counts of the indictment. Docs. 259-261. An Amended Judgment In A Criminal Case was entered on October 5, 2023,

1

reflecting the 90 consecutive life sentences imposed by this Court on July 7, 2023, as well as restitution to the victims in the amount of $6,238,845.55. Doc. 306.

Undersigned counsel Joe A. Spencer, Jr., Mark Stevens, Felix Valenzuela, and Rebecca Hudsmith, all learned in the law applicable to capital cases, were appointed by this Court to represent Mr. Crusius in connection with the federal death penalty-eligible indictments filed in this case. Private counsel Mr. Spencer, Mr. Valenzuela and Mr. Stevens, who also have been appointed to represent Mr. Crusius in the pending Texas state court death penalty prosecution against him, have been paid for their work defending Mr. Crusius in federal court pursuant to federal judicial policy as reflected in the *Guide to Judiciary Policy*, Vol. 7: Defender Services. [1]

**The Federal District Court eVoucher System**

Payments to private counsel for their work as court-appointed counsel in the federal courts for an indigent defendant is made through the Federal District Court's non-public eVoucher system, which is separate from the CM/ECF District Court case filing system and PACER. Payment vouchers are submitted electronically in the eVoucher system, along with supporting documentation, including detailed descriptions of counsel's legal work on the case justifying the requested payments based on the applicable hourly rate. The vouchers are reviewed by knowledgeable judiciary staff for accuracy and compliance with federal judiciary policies as set forth in the *Guide to Judiciary Policy,* an administrative guide generated by the Administrative Office of the United States Courts under the authority granted by the Judicial Conference of the

---

[1] Originally, private counsel appointed to represent Mr. Crusius included David A. Lane, Cori Ann Harbour-Valdez, Jane Fisher-Bryialsen, Kathleen McGuire, and Louis E. Lopez, Jr., along with Ms. Hudsmith. Each of these private attorneys ceased representing Mr. Crusius by September of 2020, after which time private counsel Mr. Spencer, Mr. Stevens and Mr. Valenzuela were appointed, along with Ms. Hudsmith. As private attorneys, former counsel were also paid through the eVoucher system. The objection to disclosure herein applies as well to all payments to these private counsel as well as any expert service providers they were Court-authorized to hire and who were paid through the eVoucher system.

United States. Payment to appointed private counsel only issues once the presiding District Court Judge, and in some instances, the Chief Judge of the federal Circuit Court, approves payment after the detailed review and a determination that the payments claimed are reasonable. A similar procedure within the eVoucher system applies to payments made to service providers hired by appointed private counsel with Court-approval.[2]

**Applicable Statutory Provisions**

The statutory provisions specific to the appointment and funding of the indigent defense function in a Federal death penalty case can be found at 18 U.S.C. Section 3599(a). This section governs the appointment of counsel in criminal actions in which a defendant is charged with a crime which may be punishable by death and the defendant is financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services. Subsections (b), (c) and (d) provide for the qualifications of counsel appointed under Section 3599. Subsection (e) defines the scope of appointed counsel's representation of the defendant.

Subsection (f) provides that the Court may authorize appointed private counsel to obtain investigative, expert, or other services, where found to be reasonably necessary for the representation of the defendant, and shall order payment of such fees and expenses, which proceedings, communications, or requests may be *ex parte* on a proper showing of the need for confidentiality.

Subsections (g)(1) and (2) of Section 3599 provide for the hourly rate at which private counsel appointed under the Section are paid and the limits on the payment of investigative,

---

[2] In contrast, the process applicable to appointed private counsel does not apply to Ms. Hudsmith, who is the Federal Public Defender for the Middle and Western Districts of Louisiana and who is a full-time federal judiciary employee. Moreover, as an agency within the judiciary branch, the FPD office is not subject to the Freedom of Information Act nor the Privacy Act, referenced herein.

expert, and other reasonably necessary services, unless approved by the Chief Judge of the federal Circuit Court.

Significantly, for present purposes, subsection (g)(3) of Section 3599 provides that "amounts paid under this paragraph for services in any case shall be disclosed to the public, after the disposition of the petition."

A one-year limitation period applies to a petition by a federal prisoner for habeas corpus relief under 28 U.S.C. Section 2255, and, generally, the limitation period runs from the date on which the judgment of conviction becomes final. Section 2255(f)(1).

**Provisions of the *Guide to Judiciary Policy***

Volume 7, Pt.A, Chapter 5 of the *Guide to Judiciary Policy* provides guidelines generally regarding the public disclosure of information pertaining to activities under the Criminal Justice Act (CJA), 18 U.S.C. Section 3006A, and related statues. At the outset, Section 510.20 provides that neither the Freedom of Information Act, (5 U.S.C. Section 552) nor the Privacy Act (5 U.S.C. Section 552a) applies to the judiciary, and "neither is applicable to requests for release to the public of records and information pertaining to activities under the CJA and related statues."

Section 510.30 provides with respect to limitations on disclosure of information on CJA-related activities that such information which is not otherwise routinely available to the public should be made available unless it:

(a) Is judicially placed under seal;
(b) Could reasonably be expected to unduly intrude upon the privacy of attorneys or defendants;

(c) Could reasonably be expected to compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship or privileged information provided by the defendant or other sources; or

(d) Otherwise adversely affect the defendant's right to the effective assistance of counsel, a fair trial, or an impartial adjudication.

Again, for present purposes, Section 520.10(b) provides with respect to the disclosure of *payments* to counsel that "[f]or capital cases, disclosure must be **after** the disposition of the petition for habeas corpus." (emphasis in original). Furthermore, Section 520.20(b) provides that "*[d]ocumentation* submitted in support of, or attached to, payment *may not be disclosed at any time*." (emphasis added). The same principles apply to the timing of disclosure of payments to service providers. Section 530.

**Public Disclosure Of Payments To Appointed Private Counsel And Any Service Providers They Hired With Court Approval Is Premature**

As Section 3599 and judiciary policy make clear, public disclosure is limited to the amount of the payments made through the eVoucher system to appointed private counsel, or to any service providers hired by private counsel after approval by the Courts, and does not include any documentation in support. Moreover, the *earliest* that such disclosure of payments can be made is after the disposition of any habeas corpus petition filed by the defendant as a federal prisoner. While no such petition is presently pending in this case, under Section 2255, Mr. Crusius has one-year to file such a petition, which remains available to him on limited grounds, and that year did not begin to run until after the date that the final amended judgment in this case was entered, which was October 5, 2023.

If at some later date, the Court revisits the issue of public disclosure of payments made to appointed private counsel and any of their service providers, either after the expiration of

5

the one-year time limit for filing a petition for habeas corpus under Section 2255, if one is not filed, or after the petition is disposed of, if one is filed, the Court's timing of the disclosure must be informed by the factors set forth in Section 510.30 of the *Guide to Judiciary Policy.* Of particular concern is consideration of the adverse impact of the public disclosure of payments to court-appointed private counsel and their service providers in defense of the federal death penalty prosecution on the defendant's constitutionally guaranteed rights to the effective assistance of those counsel and to a fair trial in the pending Texas state court death penalty prosecution. Any such adverse impact would weigh against public disclosure of payments at that time as well.

WHEREFORE, defendant PATRICK WOOD CRUSIUS, through undersigned counsel, respectfully prays that this Court, pursuant to the Fifth, Sixth and Eighth Amendments to the U.S. Constitution and 18 U.S.C. §§ 3005 and 3599(a), and in the interests of justice, maintain the non-public status of the court-appointed private attorney and expert service provider payments made in this case through the eVoucher system, as well as attorney and expert service provider vouchers and all underlying documentation submitted in support.

Respectfully submitted,

/s/ Joe A. Spencer
JOE A. SPENCER
1009 Montana
El Paso, Texas 79902
(915) 532-5562
joe@joespencerlaw.com
State Bar of Texas No. 18921800

REBECCA L. HUDSMITH
LA Bar No. 7052
Office of the Federal Public Defender for the Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, LA 70501
(337) 262-6336
Facsimile: (337) 262-6605
Rebecca_hudsmith@fd.org

MARK STEVENS
310 S. St. Mary's Street
Tower Life Building, Suite 1920
San Antonio, TX 78205
(210) 226-1433
State Bar No. 1918420
mark@markstevenslaw.com

FELIX VALENZUELA
701 Magoffin Avenue
El Paso, Texas 79901
(915) 209-2719
State Bar No. 24076745
felix@valenzuela-law.com

***Attorneys for Patrick Crusius***

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 10th day of November, 2023, a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF System through which all parties entitled to service and notice will be served.

/s/Rebecca L. Hudsmith