UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| v. | § | |
| | § | EP-20-CR-00389-DCG |
| **PATRICK WOOD CRUSIUS,** | § | |
| | § | |
| *Defendant.* | § | |

**ORDER GRANTING MOTION TO INTERVENE**[1]
**AND RESERVING RULING ON MOTION TO UNSEAL**

A media organization named El Paso Matters has moved to intervene in this criminal case to challenge the sealing of various nonpublic documents on the federal case docket.[2] For the following reasons, the Court permits El Paso Matters to intervene.

Whereas the federal procedural rules expressly permit third parties to intervene in *civil* cases under specified circumstances,[3] there isn't an analogous rule explicitly permitting third-party intervention in *criminal* cases.[4] Nevertheless, courts have generally let media organizations intervene in criminal cases to object to the sealing of court records.[5] The Court thus deems it appropriate to let El Paso Matters do the same here.

---

[1] This order memorializes (and provides the legal basis for) the Court's oral ruling on the Motion to Intervene at the May 1, 2025 status conference. *See* Minute Entry, ECF No. 321.

[2] *See* Mot., ECF No. 324.

[3] *See generally* FED. R. CIV. P. 24.

[4] *See, e.g.*, *United States v. Scully*, No. 5:10-CR-00593, 2013 WL 3338593, at *2 (W.D. Tex. July 2, 2013) ("There is no procedure for nonparty intervention in criminal cases analogous to that provided for by Federal Rule of Civil Procedure 24 . . . ." (citation modified)).

[5] *See, e.g.*, *United States v. Ketner*, 566 F. Supp. 2d 568, 572 (W.D. Tex. 2008) (noting that even though "[n]o . . . procedural vehicle" for intervention "exists in criminal cases," "courts, including courts of this Circuit, have implicitly recognized the ability of the press or public to object, on First Amendment or common law grounds, to a judicial decision . . . sealing documents in criminal cases by way of a motion or petition filed in the appropriate district court").

- 2 -

The Court therefore **GRANTS** El Paso Matters' "Motion to Intervene and to Unseal Judicial Records" (ECF No. 324) **IN PART** insofar as El Paso Matters seeks to intervene in this case.

The Clerk of Court **SHALL** thereby **DESIGNATE** El Paso Matters as an **Intervenor Party** to this case on the Court's CM/ECF system.

The Court **RESERVES RULING** on the Motion **IN PART** to the extent it seeks the ultimate relief of unsealing the nonpublic docket entries. The Court will issue a separate order directing the parties to provide certain information that the Court needs to resolve Intervenor's request to unseal the docket. The Motion shall therefore **REMAIN DESIGNATED** as **PENDING** on the Court's CM/ECF system for the time being.

**So ORDERED and SIGNED this 10th day of July 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**