**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | |
| | § | **EP-20-CR-00389-DCG** |
| **PATRICK WOOD CRUSIUS,** | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Now that the Court has permitted El Paso Matters ("Intervenor") to intervene in this case,[1] the Court must rule on Intervenor's Motion to Unseal all of the nonpublic documents on the case docket.[2] The Court's original plan was to issue an order requiring Defense Counsel to:

(1) list, by docket number, each of the documents they still seek to keep under seal; and

(2) for each such document, specify the putative legal basis for keeping that document sealed.[3]

---

[1] *See* Order Granting Mot. Intervene & Reserving Ruling Mot. Unseal, ECF No. 326.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See* Mot. Unseal, ECF No. 324, at 2 (arguing that "the Sealed Records in this case should be unsealed in their entirety or with, at most, only limited redactions necessitated by a compelling interest").

[3] *See* Order Setting Status Conference, ECF No. 320, at 3 ("If Defense Counsel still oppose unsealing some or all of the docket entries in this case, the Court will order them to submit a list of the docket numbers of each document that they want the Court to keep under seal. For each such document, Defense Counsel will need to specify the putative legal basis for shielding that document from disclosure.").

The Court also originally contemplated that that order would:

> (3) identify various unsettled legal issues raised by Intervenor's Motion to Unseal; and
>
> (4) require the parties to submit supplemental briefing on those issues.[4]

However, now that the Court has preliminarily reviewed the sealed docket entries, the applicable caselaw, and the pertinent Judicial Conference policies, the Court is no longer convinced that ordering the parties to analyze all the relevant legal issues at once would be efficient or sensible. As the Court will explain in depth if and when it becomes necessary, the sealed docket entries can be divided into roughly a half-dozen different categories, each of which appears to be governed by a different set of laws, policies, and doctrines. For at least some of those categories, Fifth Circuit precedent doesn't conclusively settle how those laws, policies, and doctrines would apply here.

Thus, rather than ordering the parties to brief all of those legal issues at once, the Court will break the task up into smaller, more manageable pieces. And rather than starting with the documents that Defense Counsel *do* object to unsealing,[5] the Court will begin with the documents that Defense Counsel *don't* object to unsealing. If the Court can unseal a large enough portion of the docket with the parties' consent, then some of the thornier legal issues posed by Intervenor's Motion to Unseal may become moot. The Court and the parties could then focus their attention on the documents and issues that remain.

---

[4] *See* Order Temporarily Suspending 60-Day Briefing Deadline, ECF No. 322, at 1 (noting that the Court was "drafting an order . . . identifying the precise issues it want[ed] the parties to brief").

[5] *See supra* note 3 and accompanying text.

Thus, in the decretal paragraphs below, the Court will order Defense Counsel to:

(1) review each of the sealed documents on the docket; and

(2) file a list of all the docket entries that Defense Counsel have **no** objection to unsealing.

The Court respectfully admonishes Defense Counsel to perform their review in accordance with the following principles. *First*, Fifth Circuit precedent creates a presumption that judicial records should not be sealed.[6] That presumption is particularly weighty in cases of immense public interest,[7] as this case indisputably was.

*Second*, now that Defendant no longer faces the prospect of a jury trial in state or federal court, the initial justification for sealing many of the nonpublic docket entries—namely, to avoid prejudicing the jury pool or revealing defense strategies to state or federal prosecutors[8]—has dissipated.[9]

---

[6] *See, e.g.*, *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) ("[T]he working presumption is that judicial records should not be sealed.").

[7] *See, e.g.*, *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022) ("The rationale for public access is even greater where, as here, the case involves matters of particularly public interest." (citation modified)).

*See also, e.g.*, *Binh Hoa Le*, 990 F.3d at 418 (opining that "judges must protect public accessibility" to judicial records because "the public has a right to monitor the exercise of judicial authority").

[8] *See, e.g.*, *United States v. Crusius*, No. 3:20-cr-00389, 2024 WL 191654, at *3 (W.D. Tex. Jan. 17, 2024) (noting at an earlier phase of this case that Defendant was "facing the death penalty in an ongoing state prosecution," and that releasing certain nonpublic information "would unnecessarily generate additional pre-trial publicity that could make it harder for the state court to select an impartial jury"); Resp. Mot. Unseal, ECF No. 314, at 9 (claiming that unsealing documents on the federal case docket "would compromise the defense team's strategy in the state case and destroy the ability of the Defendant to receive a fair trial" (emphasis omitted)).

[9] *See, e.g.*, Order Setting Status Conference at 2 ("Now that Defendant has pleaded guilty and been sentenced in the related state court case, there no longer appears to be any risk that unsealing docket entries in this *federal* case would interfere with an ongoing prosecution.").

*Third*, Fifth Circuit precedent prohibits courts from sealing information that is already publicly available from other sources.[10] While the Court hasn't yet comprehensively reviewed the entire sealed docket, the Court's preliminary review has identified at least some information that is already available elsewhere on the Internet, and thus cannot remain under seal.[11]

In light of those legal principles, the Court strongly encourages Defense Counsel to consent to unsealing as many docket entries as possible. At the absolute minimum, the Court strongly urges Defense Counsel to consent to unsealing the documents listed in the following footnote, which do not appear to contain any particularly sensitive information.[12] To be clear, there are almost certainly other docket entries that Defense Counsel no longer have any valid legal or strategic basis for keeping under seal—the documents cited in that footnote are just the most obvious candidates for unsealing that the Court identified in its preliminary review.

The Court recognizes that at least some of the sealed documents were filed *ex parte*—and, thus, that the Government has no idea what those documents contain. Thus, before unsealing any filings, the Court will give the Government any *ex parte* filings on Defense Counsel's list. The Court will then give the Government time to review all the *ex parte* and non-*ex parte* documents on Defense Counsel's list and determine whether the prosecution has any objections of its own.

---

[10] *See June Med. Servs.*, 22 F.4th at 520 ("Publicly available information cannot be sealed").

[11] *See* Sealed Addendum Plea Agreement, ECF No. 260, at 7–10.

[12] ECF Nos. 14, 25, 29–35, 45–46, 51–53, 57, 63, 75, 98, 102, 109, 113, 120, 124, 132, 138, 141, 149, 154, 169–170, 175, 184, 189–191, 192–194, 202–203, 209–212, 230.

Thus, by **September 15, 2025**, Defense Counsel **SHALL REVIEW** each of the sealed documents on the docket and **FILE** a list of documents to which Defense Counsel have **no objection** to unsealing.

The Court will then issue a separate order giving the Government an opportunity to review those documents and then inform the Court whether the Government has any objections to unsealing of its own.

Then, absent some overriding reason to keep any documents sealed that neither Defense Counsel nor the Government have any incentive to protect (such as preserving a non-party's privacy interests), the Court will unseal all docket entries to which neither Defense Counsel nor the Government have any objection.

After that, the Court will issue further directives to Defense Counsel, the Government, and/or Intervenor El Paso Matters regarding the disposition of the remaining sealed documents.

**So ORDERED and SIGNED this 17th day of July 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**