IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL NO. 3:20-CR-00389-DCG |
| | § | |
| PATRICK CRUSIUS, | § | |
| | § | |
| Defendant. | § | |

## MOTION TO INTERVENE, DISSOLVE PROTECTIVE ORDER AND UNSEAL EVIDENTIARY RECORDS

William C. Englisbee, son of Angelina Maria Silva Englisbee, Deceased, who was killed in the August 3, 2019 shooting at the Walmart Supercenter in El Paso, Texas (the "Walmart Shooting"), hereby seeks to intervene in this matter to ask the Court to dissolve the protective order entered in this case and unseal the judicial records currently sealed.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Defendant Patrick Wood Crusius ("Defendant") pled guilty to 90 federal charges after he opened fire in an El Paso Walmart in August 2019, killing 23 people and wounding 22 others. ECF No. 82. Defendant initially entered a plea of "not guilty" in 2020, ECF No. 89, and the case proceeded toward trial. On January 17, 2023, the prosecution filed a notice stating that "the Government will not seek the death penalty in the instant case." ECF No. 254. Defendant moved for rearraignment four days later and changed his plea to "guilty" on February 8, 2023. ECF No. 261. The addendum to the plea agreement is sealed. ECF No. 260. Defendant's guilty plea and the Government's decision not to seek the death penalty received national attention. *See, e.g.,* Emily Schmall, *Man Pleads Guilty to Hate Crimes in El Paso Massacre That Killed 23*, N.Y. Times (Feb. 8, 2023), https://perma.cc/BR6S-RYCX; Robert Moore, Ramon Bracamontes & Cindy Ramirez,

*Feds won't seek death penalty against alleged Walmart gunman*, El Paso Matters (Jan. 17, 2023), https://perma.cc/5JCJ-XWGB.

Defendant's sentencing hearing took place on July 5, 6, and 7, 2023. *See* ECF No. 272; ECF Nos. 277-79. On July 7, 2023, Defendant was sentenced to 90 consecutive life terms in prison. ECF No. 280; *see also* Edgar Sandoval, *Gunman in El Paso Mass Shooting Sentenced for Federal Hate Crimes,* N.Y. Times (July 7, 2023), https://perma.cc/QM9N-B2FX. On October 5, 2023, this Court entered an amended judgment in Defendant's case to include the parties' agreed-upon restitution. ECF No. 306. Thereafter, on November 2, the prosecution filed a motion to unseal several -but not all- sealed motions filed by the Government in this matter as well as the Court's corresponding orders. ECF No. 308 (moving to unseal ECF Nos. 73, 233, 234, 235, 246, 247, 248, 249 1, 2, 3, and sealed attachments 1-4 to ECF Nos. 72 and 73).

Movant seeks access to the Sealed Records to pursue his civil case.  Discovery in this matter was subject to a protective order entered by the Court on February 14, 2020. ECF No. 39. According to the unopposed motion filed by the prosecution, the protective order was necessary "to protect the dignity and privacy of the victims, witnesses, and their family members," to "ensure a fair trial," and to "ensure that sensitive information [was] treated properly by both federal and state parties." ECF No. 26 at 3-5 (capitalization altered).[1]

## SUMMARY OF THE ARGUMENT

On November 2, 2023, the United States (the "Government" or "prosecution") filed a motion to unseal the following sealed documents in the above-captioned case: ECF Nos. 73, 233,

---

[1] For legal authority, the prosecution relied primarily on Federal Rule of Criminal Procedure 16(d), which states that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d). The prosecution also cited the Crime Victims' Rights Act, 18 U.S.C. § 3771, which gives crime victims the right to be "reasonably protected from the accused," *id.* § 3771(a)(1), and "treated with fairness and with respect for [their] dignity and privacy," *id.* § 377 1(a)(8).

234, 235, 246, 247, 248, 249 1, 2, 3, and sealed attachments 1-4 to ECF Nos. 72 and 73. *See* ECF No. 308. As detailed herein, Proposed Intervenor William C. Englisbee agrees with the Government's argument that those judicial records should be promptly unsealed.

Englisbee asks this Court to unseal all other sealed judicial records in this case, including the following: ECF Nos. 25, 26, 29, 30, 31, 32, 33, 34, 35, 45, 46, 51, 52, 53, 57, 63, 75, 98, 102, 109, 113, 120, 124, 132, 138, 141, 169, 170, 175, 184, 185, 186, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 230, 234, 242, 243, 244, 245, 246, 247, 248, 249, 251, 252, 253, 267, 268, 269, 270, 271, 275, 297, 298, 302 (the "Sealed Records").[2]

Pursuant to the First Amendment and the common law right of access, the Sealed Records in this case should be unsealed in their entirety or with, at most, only such limited redactions as are necessitated by a compelling interest.  William C. Englisbee should be permitted to intervene for the limited purpose of challenging the sealing orders in this case.

## ARGUMENT

### I.    The Protective Order Is No Longer Necessary.

1.    Federal courts have inherent authority to modify or dissolve protective orders when the circumstances that justified their entry have changed or no longer exist.  Protective orders entered during criminal proceedings to protect the integrity of the trial process are no longer necessary once the defendant has been convicted, sentenced, and all appeal rights have been exhausted.

2.    **The Protective Order Is No Longer Necessary**. The Protective Order was entered to protect the integrity of the criminal proceedings and ensure the Defendant received a fair trial.

---

[2] Since many entries are missing from the public docket, this list may be under-inclusive. Accordingly, Englisbee also seeks to unseal the missing docket entries.

Those concerns are now moot given the guilty plea and sentencing. Defendant has waived his appellate rights, the time for any appeal expired, and the judgment is final with no further proceedings anticipated. The circumstances that justified the Protective Order no longer exist, and the presumption of public access to court records favors dissolution at this juncture.

3.    **<u>Movant's Interests In Civil Proceedings Necessitate Access To The Evidence Currently Sealed</u>**. Movant's Mother was killed during the Walmart Shooting. Movant has asserted wrongful death and related claims, alleging negligence, gross negligence, and premises liability against non-criminal defendants.

4.    The computer records, cellphone records, and other currently sealed evidence will lead to the discovery of admissible evidence. Also, Movant seeks damages for pecuniary loss; loss of society and companionship; loss of inheritance; loss of household services; mental anguish; loss of their mother's love, affection, advice, counsel, care, consortium, protection, services, attention, society and companionship; economic damages including medical and counseling expenses. Dissolution of the Protective Order will facilitate access to evidentiary materials necessary for Movant (and others who lost loved ones in the Walmart Shooting) to prosecute claims against responsible parties and potential parties in related proceedings.

5.    **<u>Necessity Of Evidence And Coordination With Show Cause Proceedings</u>**. Movant in the related civil matter has sought compulsory process to obtain key evidence— including the shooter's computer(s) and related downloads, analyses, and reports; the shooter's cell phone(s) with passwords and all related data, analyses, and reports; and all video and audio from the El Paso Police Department (EPPD) and the El Paso District Attorney's Office (EPDA). State Court District Judge Sergio Enriquez denied Movants motions to compel because of this Court's Protective Order. Dissolution of the Protective Order will remove any Federal Court

impediment to the production and use of these and other materials in the related civil proceedings, aiding the enforcement of subpoenas and supporting Movant's ability to obtain and use evidence necessary to prove liability and damages.

II.     **William C. Engliessbee's Claims and Damages Interests Necessitate Access to Evidence.**

William C. Englisbee, whose Mother was killed in the Walmart Shooting, has asserted wrongful death and related claims, alleging negligence, gross negligence, and premises liability against non-criminal defendants.

Access to the currently sealed computer records, cellphone records, and other evidence will lead to the discovery of admissible evidence. Also Mr. Englisbee seeks damages for pecuniary loss; loss of society and companionship; loss of inheritance; loss of household services; mental anguish; loss of their mother's love, affection, advice, counsel, care, consortium, protection, services, attention, society and companionship; and economic damages including medical and counseling expenses. Dissolving the Protective Order will facilitate access to evidentiary materials necessary to prosecute claims against responsible parties in related proceedings.

III.     **Necessity Of Evidence And Coordination With Show Cause Proceedings.**

In the related civil matter, Movant has sought compulsory process to obtain key evidence, including the shooter's computer(s) and related downloads, analyses, and reports; the shooter's cell phone(s) with passwords and all related data, analyses, and reports; and all video and audio from the El Paso Police Department (EPPD) and the El Paso District Attorney's Office (EPDA). District Judge Enriquez denied Movant's motions to compel because of this Court's Protective Order. Dissolution of the Protective Order will therefore remove any Federal Court impediment to the production and use of these and other materials, aiding the enforcement of subpoenas and

supporting Mr. Englisbee's ability to obtain and use evidence necessary to prove liability and damages.

## CONCLUSION AND PRAYER

For the foregoing reasons, Movant William C. Englisbee respectfully requests that the Court enter an order granting his motion to intervene, requiring the Clerk of the Court to dissolve the Protective Order, and unseal all judicial records in the above-captioned matter.

Respectfully submitted,

**SCHERR & LEGATE**, **PLLC**
1790 N. Lee Trevino, Suite 601
El Paso, Texas 79936
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
jamesscherr@scherrlegate.com


*/s/ James F. Scherr*
**JAMES F. SCHERR**
State Bar No. 17745400
*Attorneys for Intervenor William C. Englisbee*

## CERTIFICATE OF SERVICE

I hereby certify that on 26th day of January 2026, a true and correct copy of the foregoing Motion to Dissolve Protective Order was served upon all counsel of record via CM/ECF.


*/s/ James F. Scherr*
**JAMES F. SCHERR**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA,           §
                                    §
    Plaintiff,                      §
v.                                  § CRIMINAL NO. 3:20-CR-00389-DCG
                                    §
PATRICK CRUSIUS,                    §
                                    §
    Defendant.                      §

## [PROPOSED] ORDER

Upon consideration of the Motion to Unseal filed by the United States of (the "Government") and the Motion to Intervene, Dissolve Protective Order and Unseal Evidentiary Records, it is hereby ORDERED that:

1.    The Protective Order, document 39, is DISSOLVED.

2.    The following documents are UNSEALED: 25, 26, 29, 30, 31, 32, 33, 34, 35, 45, 46, 51, 52, 53, 57, 63, 75, 98, 102, 109, 113, 120, 124, 132, 138, 141, 169, 170, 175, 184, 185, 186, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 230, 234, 242, 243, 244, 245, 246, 247, 248, 249, 251, 252, 253, 267, 268, 269, 270, 271, 275, 297, 298, 302, and all evidence and information covered by all sealing orders.

3.    The clerk is directed to place on the public docket a copy of all previously sealed judicial records in this matter.

**SO ORDERED.**

_____
Hon. David C. Guaderrama
United States District Judge